[Crim. No. 5571.   Second Dist., Div. One.   June 4, 1956.]

THE PEOPLE, Respondent v. LONNIE SHEPPARD, Appellant.

Jefferson & Jefferson and Bernard S. Jefferson for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DORAN, J.—Appellant was charged by information with two counts of assault by means of force likely to produce great bodily injury.  A prior conviction, which was also alleged, was admitted.  A jury was waived and following a trial by the court defendant was adjudged guilty of simple assault on both counts.

It is contended on appeal that, ''The evidence is insufficient to sustain the judgment of conviction because the prosecution's evidence against appellant presents a case of inherent improbability, and appellant's resultant conviction is based on passion and prejudice.''

The victim of the alleged assault operated a dress shop.  As recited in respondent's brief, ''She testified that she had known defendant, Lonnie Sheppard, for around two years and three months, and that at one time they had lived together.  She stated that defendant no longer lived with her.

''On June 12, 1955, the date alleged in Count I of the information, she said that defendant came to her store at about

10:30 on a Sunday; that she had not requested him to come to the store; that when defendant came in he asked her where her car was and that she asked him why and that he then said, 'Where is your car?' and Mrs. Deadmon said, 'Well, I haven't asked you where your car is. Don't ask me where my car is.'

"At this time defendant kicked her on her right knee; she was sitting on a chair beside the telephone and when she got up he kicked her on her left knee and then dragged her about fifteen feet from one side of the store to the other, i.e., from the dry goods to the toy department in the rear. She testified that defendant beat her until a customer came in; that she was hit on her left breast with a soda bottle; that defendant hit her with his fist on her left side and shoulder and about the face." The first offense occurred on June 12th and the second on July 1st, in the same store. It would serve no purpose to detail the evidence.

A review of the record reveals no prejudicial error. That the evidence is sufficient to support the judgment there is no question. The trial judge stated at the time sentence was pronounced, "The events involved here were very aggravated. The defendant is very fortunate that he was not found guilty of a felony."

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.